UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHELSEA A. CUMMINGS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>GEICO General Insurance Company, a corporation, DOES 1-10,<br><br>Defendants. | Case No.: 24cv838-LL-BLM<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>[ECF No. 9] |

Before the Court is Defendant Geico General Insurance Company's ("Defendant") Motion to Dismiss Plaintiff Chelsea Cummings' ("Plaintiff") First Amended Complaint. ("FAC"). ECF No. 9. The Court previously granted Defendant's Motion to Dismiss Plaintiff's first cause of action in her original Complaint for breach of contract with leave to amend. ECF No. 7. Plaintiff's FAC asserts only one cause of action for breach of the implied covenant of good faith and fair dealing. ECF No. 8. The matter is fully briefed, and the Court deems it suitable for determination on the papers without oral argument pursuant to Civil Local Rule 7.1. For the reasons below, the Court **DENIES** the Motion to Dismiss.

/ / /

/ / /

## I.  BACKGROUND

On March 22, 2024, Plaintiff filed her original Complaint against Defendant in California Superior Court, asserting two causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing. ECF No. 1 ("Compl."). On May 10, 2024, Defendant removed the matter to federal court and filed a Motion to Dismiss Plaintiff's first cause of action. ECF Nos. 1, 3. On January 16, 2025, this Court granted Defendant's Motion to Dismiss with leave to amend. ECF No. 7. On January 27, 2025, Plaintiff filed the operative FAC, alleging only one cause of action for breach of the implied covenant of good faith and fair dealing. ECF No. 8. On February 10, 2025, Defendant filed the instant Motion to Dismiss. ECF No. 9.

This action arises from Plaintiff's involvement in a car accident with an underinsured driver on April 28, 2021. FAC ¶ 16. At the time of accident, Plaintiff was insured with a Geico automobile policy ("Policy"), which included underinsured coverage with a limit of $300,000 per person. *Id.* ¶ 48. After exhausting the underinsured driver for his policy limits of $15,000, Plaintiff tendered a comprehensive demand letter to Geico for the limits of her policy. *Id.* ¶ 49. Plaintiff alleges, "[a]fter significant negotiations," Geico offered her $7,500 as compensation for her likely lifelong injury, limitation and pain. *Id.* She found Geico's offer to be "exceedingly low." *Id.* ¶ 50. Consequently, on June 20, 2022, she ended negotiations and requested arbitration. *Id.* ¶¶ 51-52.

Plaintiff's FAC alleges that prior to arbitration, she attended urgent care where she was diagnosed with acute strain of the neck and acute thoracic myofascial strain. FAC ¶¶ 24-26. Plaintiff was also treated at Comprehensive Health and Chiropractic Center where she was assessed for cervical disc displacement, muscle spasm of the back, severely reduced range of motion in her spine, and other injuries. *Id.* ¶¶ 30-31. Plaintiff also attended physical therapy. *Id.* ¶ 33. Finally, her primary care physician, Dr. Putnam, opined that because of the collision, Plaintiff developed myofascial pain syndrome and would likely have to live with the constant pain and limitation for the rest of her life. *Id.* ¶¶ 27-29, 32,

35-37, 42-43, 46. Plaintiff alleges, that "[a]ll of this information . . . was provided to and known by Geico" prior to their $7,500 offer. *Id.* ¶ 47.

Plaintiff further alleges that in February 2023, she underwent three rounds of trigger point injections, at the recommendation of Dr. Putnam, for pain. *Id.* ¶ 41-42. Geico retained a board-certified orthopedic surgeon, Dr. Bremner, to examine Plaintiff, review her medical records and offer opinions relating to her injuries caused by the collision. *Id.* ¶ 59. Plaintiff alleges that Dr. Bremner, in his deposition, stated that Plaintiff was being honest about her injuries, her pain was consistent with that caused from the collision, all patients do not recover from the types of injuries she sustained, and that he does not disagree with her primary care physician's assessments. *Id.* ¶ 61. Plaintiff further alleges "in numerous correspondence and telephonic discussions, [Plaintiff's counsel] pointed out to Geico that in light of its own expert's testimony, it had no defense in the case…[and] repeatedly requested that Geico pay her the benefits to which she was entitled under the Policy." *Id.* ¶ 64. Notwithstanding this, Plaintiff alleges that the best and final offer that Geico made on May 10, 2023 was for $37,429.52. FAC ¶ 66. Plaintiff ultimately rejected this offer and on June 15, 2023, the parties attended arbitration. FAC ¶¶ 66, 69.

At arbitration, Plaintiff alleges that "Geico offered no material defense to Ms. Cummings' claims" and "[t]he only witness Geico called was Dr. Bremner." *Id.* ¶ 70. The arbitrator, Ana Sambold, ultimately found that Geico had a duty to compensate Plaintiff for the full policy amount, $282,681, for the damage she sustained in the collision. *Id.* ¶ 75.

## II.    LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In assessing the adequacy of the complaint, the court must accept all pleaded facts as true and construe them in the light most favorable to the plaintiff. *See Turner v. City & Cnty. of S.F.*, 788 F.3d 1206, 1210 (9th Cir. 2015); *Cousins v. Lockyer*, 568 F.3d 1063,

1067 (9th Cir. 2009). The court then determines whether the complaint "allows the court to draw the reasonable inferences that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, a cause of action's elements that are "supported by mere conclusory statements, do not suffice." *Id*. Accordingly, "for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

## III.   ANALYSIS

### A. Request for Judicial Notice

As an initial matter, Defendant requests that the Court take judicial notice of the following two documents in support of the Motion to Dismiss: (1) a copy of the Interim Award by Arbitrator Sambold, and (2) a copy of the Final Award by Arbitrator Sambold. ECF No. 10. Defendant has previously requested this Court to take Judicial Notice of these documents. ECF Nos. 3-2, 3-3 and 3-4. For the same reasons stated in the Court's Order Granting Defendant's first Motion to Dismiss, the Court finds it appropriate to take judicial notice of those documents here. ECF No. 7 at 3.

### B. Implied Covenant of Good Faith and Fair Dealing

#### 1. Summary of Parties' Arguments

Defendant moves to dismiss Plaintiff's claim for breach of the implied covenant of good faith and fair dealing on the basis that the FAC fails to state a "bad faith" claim. In support thereof, Defendant argues that (1) "Plaintiff fails to provide any factual basis for what Geico did to 'force' Plaintiff into arbitration"; (2) Plaintiff has not alleged sufficient facts to support her contention of unreasonable delay or withholding of benefits owed; and (3) Plaintiff does not allege that Geico breached any express provisions in the Policy and admits Geico paid her what she was owed. Motion at 8-13. Plaintiff opposes Defendant's Motion on the basis that Geico unreasonably delayed paying Plaintiff's policy benefits and

that there was no "genuine dispute" about the amount owed to Plaintiff under the policy. *See* Oppo. In support thereof, Plaintiff argues that:

> There is no dispute that Geico knew – from its own expert – that Ms. Cummings had sustained a lifelong injury. Yet Geico refused to pay anything close to a reasonable sum until being ordered to do so by the Arbitrator. This was not only an 'unreasonable withholding, but a withholding without any basis whatsoever'. . . . Ms. Cummings' FAC does not allege that there was a 'genuine' dispute between the parties. The complete opposite, Ms. Cummings alleges, in great detail, that there was no basis for a dispute concerning the value of her claim, in light of the sworn testimony of Geico's own expert.

Oppo. at 12, 14.

### 2. Relevant Law

While some jurisdictions tether a claim for breach of the implied covenant to a breach of a contract term, California does not. *See Carma Developers (Cal.), Inc. v. Marathon Development California, Inc.*, 2 Cal.4th 342, 373 (1992); *Thrifty Payless, Inc. v. The Americana at Brand, LLC.*, 218 Cal.App.4th 1230, 1244 (2013) (explaining that a breach of a specific provision in the contract is not necessary to a claim for breach of the implied covenant of good faith and fair dealing). An insurer's liability in tort for breach of the implied covenant arises when: (1) the insurer withholds benefits due under the policy; and (2) they do so unreasonably or without proper cause. *Love v. Fire Ins. Exchange,* 221 Cal.App.3d 1136, 1151 (1990); *see also Mosley v. Pac. Specialty Ins. Co.*, 49 Cal.App.5th 417, 435, *as modified on denial of reh'g* (June 24, 2020), *review denied* (Aug. 12, 2020). While the reasonableness of the insurer's conduct is typically a question of fact, "it becomes a question of law where the evidence is undisputed and only one reasonable inference can be drawn from the evidence." *Chateau Chamberay Homeowners Ass'n v. Associated Int'l Ins. Co.*, 90 Cal.App.4th 335, 346 (2001), *as modified on denial of reh'g* (July 30, 2001).

In determining unreasonableness and bad faith, the conduct must be more than a mistake. *Mosley*, 49 Cal.App.5th at 436; *see also Chateau Chamberay Homeowners Ass'n*, Cal.App.4th at 346. There must be "a conscious and deliberate act, which unfairly frustrates

the agreed common purposes and disappoints the reasonable expectations of the other party." *Mosley*, 49 Cal.App.5th at 436. At the same time, while dishonesty, fraud, and concealment may be dispositive of bad faith, *Merritt v. Reserve Ins. Co.*, 34 Cal.App.3d 858, 876 (1973), "absence of evidence, circumstantial or direct, showing actual dishonesty, fraud, or concealment is not fatal." *Betts v. Allstate Ins. Co.*, 154 Cal.App.3d 688, 706 (1984) (emphasis removed). However, if a genuine dispute exists between the insurer and the insured as to the amount of payment due, then the insurer's withholding of payment cannot be unreasonable or without proper cause. *Rappaport-Scott v. Interinsurance Exchange of the Automobile Club*, 146 Cal.App.4th 831, 837 (2007) (citing *Chateau Chamberay Homeowners Ass'n*, Cal.App.4th at 347-48).

### 3. Discussion

First, contrary to Geico's argument otherwise, it is simply not the case that a plaintiff who has been paid all that is owed to her under an agreement is precluded as a matter of law from pursuing a claim on the theory of unreasonable delay. *See e.g., Mattson v. United Servs. Auto. Ass'n*, 2019 WL 2330087, at *16 (S.D. Cal. May 31, 2019) ("Unreasonable delay in paying policy benefits or paying less than the amount due is actionable withholding of benefits which may constitute a breach of contract as well as bad faith giving rise to damages in tort.") (citing *Intergulf Dev. v. Superior Ct.*, 183 Cal.App.4th, 16, 20 (2010)). Accordingly, Geico's argument to dismiss Plaintiff's complaint on this basis fails.

Second, Geico's argument that "arbitration was necessary to resolve the genuine dispute over the value of Plaintiff's injuries" also fails. At this procedural posture, Plaintiff has alleged sufficient facts to support her theory that:

> Geico knew Ms. Cummings had sustained a lifelong injury, which was worth far more than it ever voluntarily offered to resolve her claim. Yet Geico, without any basis whatsoever, failed to tender the benefits to which Ms. Cummings was entitled until after Ms. Cummings prevailed in arbitration. This constitutes a wrongful withholding of Ms. Cummings benefits under her policy with Geico.

1  Oppo. at 9. For example, Plaintiff alleges that Defendant's offers were "exceedingly low"
2  notwithstanding discovery and information provided to Geico to support the extent of her
3  injuries. FAC ¶ 51. Further, Plaintiff alleges that her primary care physician, Dr. Putnam,
4  opined that "as a result of the [c]ollision, [she] had developed a myofascial pain syndrome,
5  among other injuries" and that she "would likely have to live with constant pain and
6  limitation for the rest of her life." *Id.* ¶ 46. Plaintiff also relies on the testimony of Geico's
7  independently retained physician Dr. Bremner from the arbitration, which Plaintiff alleges
8  "effectively confirmed [] the veracity of Ms. Cummings' report of pain." *Id.* ¶ 71. In sum,
9  the allegations in the FAC, when viewed in the light most favorable to Plaintiff, are
10 sufficient at this procedural posture to show that there may have been an unreasonable
11 delay in paying benefits due under the policy in light of the opinions of Dr. Putnam and
12 Dr. Bremner regarding the severity of Plaintiff's injuries. *See Rappaport-Scott*, 146
13 Cal.App.4th at 838-39 (in discussing Plaintiff's argument that a $56,000 discrepancy
14 between the arbitrator's finding and the settlement amount offered by insurer demonstrates
15 bad faith, the court stated "the facts alleged in the complaint suggest a cause of action based
16 on an unreasonable delay in paying benefits due under the policy.").

17    Although Defendant argues that "there was a dispute between Geico and Plaintiff
18 over the value of Plaintiff's [] claim" Defendant does not state the basis of the purported
19 genuine dispute. Motion at 9. Defendant's Motion and Reply are conclusory at best to
20 support Defendant's reasoning that a dispute existed. For example, in the Reply, Defendant
21 states "Plaintiff's own allegations show such 'genuine dispute' existed in the underlying
22 UIM case." Reply (citing FAC ¶¶ 50, 52, 60, 66). None of the paragraphs cited by
23 Defendant from the FAC explain the basis for the purported genuine dispute. For example,
24 one of the paragraphs cited by Defendant simply alleges the amount that Geico offered to
25 Plaintiff in response to her Comprehensive Demand Letter, and another paragraph includes
26 the amount Geico offered one month before arbitration began. FAC ¶¶ 50, 66.

27    Courts have found that a genuine dispute may exist where an insurer's expert opinion
28 differs from that of the claimant's, and the insurer relies on their own expert's opinion. *See,*

*e.g., Ernest Fraley et al. v Allstate Insurance Co.*, 81 Cal.App.4th 1282, 1293 (2000). Here, Plaintiff's FAC alleges that Defendant retained a board-certified orthopedic surgeon, Dr. Bremner, whose deposition testimony in essence stated that Plaintiff had sustained a lifelong injury, and he had no reason to believe that her pain would get better. FAC ¶¶ 60-61. Dr. Bremner's testimony and opinion did not differ from that of Plaintiff's physician, Dr. Putnam. 61 ("Dr. Bremner '…doesn't disagree with Dr. Putnam's assessments for [Ms. Cummings],' who diagnosed Ms. Cummings with a chronic pain syndrome."). Accordingly, at this procedural posture, Plaintiff has alleged sufficient facts to state a claim for relief that Defendant acted unreasonably and could be found to have been in bad faith. In sum, given Plaintiff's allegations in the FAC, the genuine dispute doctrine is not dispositive of Plaintiff's claim at this stage of the proceedings.

Finally, courts have found that there may be a clear inference of reasonableness of an insurer's conduct where the facts and circumstances of a case demonstrate that the insurer had a reasonable and legitimate basis for questioning the insurer's claim. *See, e.g.*, *Chateau Chamberay Homeowners Ass'n*, Cal.App.4th at 350.[1] For example, in *Chateau*, the record revealed substantial and unrebutted evidence that the insured included claims for benefits to which she was not entitled, and claimed unreasonable fees and expenses. *Id.* These conclusions were supported by the arbitrator's findings. *Id.* Here, there is no clear inference that Geico's conduct was reasonable. For example, Plaintiff's FAC states that, after arbitration began and in response to written discovery, Defendant "never set forth any basis to deny [Plaintiff's] claims of injury. . . ." FAC ¶ 56. Moreover, Defendant hired its own expert who corroborated the opinions of Plaintiff's physician regarding the severity of Plaintiff's injuries, but Defendant does not address nor rebut these allegations. *See* ECF Nos. 9 and 12. Finally, the arbitrator's findings do not provide any support for Defendant's position, as Plaintiff was ultimately awarded the full policy amount in this case.

---

[1] Although *Chateau* was decided on summary judgment, the Court's reasoning is applicable in this case.

Accordingly, the Court does not find a clear inference of reasonableness. In sum, the Court finds that Plaintiff has alleged sufficient facts at this procedural posture to pursue her claim for breach of the implied covenant of good faith and fair dealing.

## V.   CONCLUSION

For the reasons stated herein, the Court **DENIES** Defendant's Motion to Dismiss Plaintiff's FAC for her claim for the breach of the implied covenant of good faith and fair dealing.

**IT IS SO ORDERED.**

Dated:  July 2, 2025

Honorable Linda Lopez
United States District Judge